# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **GERALDINE MADISON,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **MIDLAND FUNDING LLC;** ) | **JURY TRIAL DEMANDED** |
| **MIDLAND CREDIT** ) | |
| **MANAGEMENT, INC.;** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Geraldine Madison, by and through undersigned counsel, and for her complaint states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendants transacted business in this district, and the Plaintiff resides in this district.

### PARTIES

2. The Plaintiff is a resident and citizen of the State of Alabama, Lamar County, and is over the age of twenty-one (21) years.

3. The Defendant, Midland Funding LLC ("Midland"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in

the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Lamar County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4.The Defendant, Midland Credit Management, Inc. ("MCM" or collectively with Midland as "The Defendants"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Lamar County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).  MCM is the servicer of accounts for Midland.

5.All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

6.On February 18, 2020, Defendants brought a lawsuit against Plaintiff in the Small Claims Court of Lamar County, Alabama alleging Midland owned a delinquent account between Plaintiff and Synchrony Bank, an entity not a party to this lawsuit.

7.That lawsuit was assigned case number 40-SM-2020-900023.

8. Defendants claimed Plaintiff owed it $1,575.71.

9. Attached to the lawsuit was an affidavit signed by Nancy Mehrenberg, an employee of Defendant MCM. The affidavit stated that Nancy Mehrenberg was familiar with and trained on the manner and method by which MCM maintains its business records pertaining to the account allegedly belonging to Plaintiff. Additionally, the affidavit claimed that Plaintiff owed $1,610.71.

10. Plaintiff alleges that Nancy Mehrenberg has no personal knowledge of the statements made in the affidavit regarding the documents of Synchrony Bank. Defendants did not attempt to provide other competent evidence of the Synchrony Bank records despite knowing this evidence was essential to the claim.

11. Plaintiff alleges that the records Nancy Mehrenberg purportedly reviewed were records of Synchrony Bank. Plaintiff alleges that Nancy Mehrenberg could not and cannot testify regarding the creation or maintenance of Synchrony Bank's business records and that she lacks personal knowledge of how those business records are prepared or maintained.

12. The case filed against Plaintiff is not an outlier nor was it filed by mistake. Rather, as discovery in this case will likely show, it is merely an example of the unfair and intentionally illegal business model that Defendants have put into place which violate the Fair Debt Collection Practices Act.

13. Plaintiff has never done business with Defendants and has never owed Defendants any money.

14. Each year Defendants file or cause to be filed hundreds if not thousands of lawsuits against consumers in Alabama without any intention of proving the claims they allege; with the knowledge that it will not call any witnesses to testify on their behalf at trial and knowing that they would not be able to offer competent evidence at trial.

15. The pattern and practice of Defendants is to file lawsuits, such as the Small Claims Court lawsuit at issue in this case, in an attempt to either secure a default against Alabama consumers who fail to answer the complaints Defendants file or to coerce a settlement or consent judgment from consumers at the courthouse before trial when Defendants know they has no witnesses and no competent evidence to prove their claims.

16. Defendants' actions constitute a pattern and practice of initiating lawsuits against consumers without the intent to prove the allegations under the Rules of Civil Procedure or to provide the necessary witnesses to prove its allegations.

17. On July 9, 2020, a trial was held in which Defendants failed to produce any witnesses and otherwise failed to produce competent evidence to prove their claim. Therefore, the Court dismissed the case.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

18. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

19. The foregoing acts and omissions of Defendants and their employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

20. As a result of the Defendants' actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages.

## COUNT TWO
## NEGLIGENCE AGAINST THE DEFENDANTS

21. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

22. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

23. The Defendants knew or should have known that said conduct was improper.

24. The Defendants negligently failed to prevent and/or participated in improper collection activities.

25. As a result of The Defendants' negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and other mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANTS

26. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

27. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

28. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

29. The Defendants knew or should have known that said conduct was improper.

30. The Defendants recklessly and wantonly failed to prevent and/or participated in improper collection activities.

31. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and other mental anguish.

## COUNT FOUR
## ABUSE OF PROCESS

32. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

33. Defendants filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the alleged debt and that Plaintiff was indebted to Defendants.

34. Defendants never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

35. The ulterior purpose was to attempt to force Plaintiff into paying Defendants.

36. Defendants were aware, at the time the lawsuit was filed, that they would never attempt to prove their claims and would never bring witnesses to Court or admit competent evidence in support of their claims.

37. Defendants were aware that the conduct would harm the Plaintiff either by forcing him to pay a debt that Defendants knew they would not or could not prove or, alternatively, by obtaining a default judgment against Plaintiff on a debt Defendants knew they would not or could not prove in a court of law.

38. This conduct by Defendants is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FDCPA and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorneys' fees;

E. Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com